## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**CONRAD RICHARD**                                                    **CIVIL ACTION**

**VERSUS**                                                                    **NO. 20-804-SDD-RLB**

**ANDREW M. SAUL, ET AL.**

## NOTICE

Please take note that the attached Magistrate Judge's Report and Recommendation has been filed with the Clerk of the U.S. District Court for the Middle District of Louisiana.

Under 28 U.S.C. § 636(b)(1), you have **14 days** from receipt of this Notice to file written objections to the proposed findings of fact and conclusions of law in the Magistrate Judge's Report. A failure to object will constitute a waiver of your right to attack the factual findings on appeal.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on October 13, 2021.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| CONRAD RICHARD | CIVIL ACTION |
| VERSUS | NO. 20-804-SDD-RLB |
| ANDREW M. SAUL, ET AL. | |

REPORT AND RECOMMENDATION

Before the Court is a Motion to Dismiss Plaintiff's Complaint pursuant to Rule 12(b)(1) ("Motion to Dismiss"), (R. Doc. 21), filed by Defendant, Kilolo Kijakazi ("Defendant"), the Acting Commissioner of Social Security.[1] The Motion to Dismiss is unopposed.[2]

## I. PROCEDURAL HISTORY

Plaintiff, Conrad Richard ("Plaintiff"), proceeding *pro se*, initiated this action by filing a Complaint on November 24, 2020, in which he purports to seek judicial review of a decision of the Commissioner of the Social Security Administration ("Commissioner") pursuant to 42 U.S.C. § 405(g). (R. Doc. 1). In his Complaint, Plaintiff asserts a claim for damages in the amount of $250,000 from the Social Security Administration ("SSA") for "underpayment and charges of overpayment." (R. Doc. 1 at 1).

Plaintiff contends that the SSA has underpaid him supplemental security income ("SSI") benefits since 1982. (R. Doc. 1 at 1). Plaintiff further asserts a claim for "charges of overpayment" resulting from an unfavorable decision in *Richard v. Comm'r of SSA,* No. 3:15-cv-

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. (R. Doc. 21 at 1). Accordingly, Kilolo Kijakazi is substituted for Andrew M. Saul as the defendant in this action pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.
[2] Local Rule 7(f) affords a respondent twenty-one days from service of a motion to file an opposition. The Motion to Dismiss was filed and served via the Court's electronic CM/ECF filing system on July 23, 2021. Accordingly, Plaintiff's opposition was due on August 13, 2021. Plaintiff did not file an opposition on or prior to this date.

00244-SDD-EWD (M.D. La. Aug. 16, 2017),[3] ECF No. 56, in which the district court affirmed the Commissioner's decision to grant only a partial waiver of recovery of overpayments made to Plaintiff from January 1, 2002 to May 1, 2010. (R. Doc. 1 at 1).

Plaintiff contends that he has exhausted all administrative remedies by filing a claim with the SSA and a case with this Court. (R. Doc. 1 at 1). In the instant matter, the Court construes Plaintiff's Complaint as an attempt to (1) assert a new claim for underpayment of SSI benefits; and (2) challenge the district court's ruling in *Richard*.

On July 23, 2021, Defendant filed the instant Motion to Dismiss in which he argues that Plaintiff failed to exhaust his administrative remedies in accordance with 42 U.S.C. § 405(g). (R. Doc. 21-1 at 1). Defendant contends that "Plaintiff has no pending administrative claim or any resulting final decision since the district court's" August 16, 2017 ruling in *Richard*. (R. Doc. 21-1 at 3). Accordingly, the Court lacks subject matter jurisdiction over Plaintiff's claims.

## II.   LAW AND ANALYSIS

Rule 12(b)(1) of the Federal Rules of Civil Procedure permits "a party to challenge the subject matter jurisdiction of the district court to hear a case." *Ramming v. United States,* 281 F.3d 158, 161 (5th Cir. 2001). "Lack of subject matter jurisdiction can be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Id.* The party asserting jurisdiction bears the burden of proof that jurisdiction does in fact exist. *Id.*

---

[3] The Court takes judicial notice of the filings in *Richard v. Comm'r of SSA*, No. 3:15-cv-00244-SDD-EWD (M.D. La. Aug. 16, 2017) as they are essential to Plaintiff's claims and matters of public record. *Lowe v. Hearst Commc'ns, Inc.,* 487 F.3d 246, 249 n.3 (5th Cir. 2007) ("All court records are presumptively available to the public."); *Taylor v. Charter Medical Corp.,* 162 F.3d 827, 830 (5th Cir. 1998) ("[A] district court may take judicial notice of a document filed in another court…to establish the fact of such litigation and related filings.") (internal citations and quotation marks omitted).

A.      **Plaintiff's claim for "underpayment" of SSI benefits**

The Social Security Act provides that "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party" may obtain judicial review of such decision. 42 U.S.C. § 405(g). Accordingly, the jurisdiction of the Court depends on whether Plaintiff has properly exhausted his administrative remedies such that the decision he challenges amounts to a final decision within the meaning of the Social Security Act. *Marshall v. Madlyn-Bagneris,* No. CIV.A. 97-3717, 1998 WL 638367, at *1 (E.D. La. Sept. 15, 1998). While the Social Security Act does not define the term "final decision," the meaning can be gleaned from the regulations that govern the SSA. *Weinberger v. Salfi,* 422 U.S. 749, 751 (1975).

"The Social Security regulations provide for a four-step process through which administrative remedies must be exhausted as a condition precedent to seeking judicial review." *Marshall,* 1998 WL 638367, at *1. First, after filing a claim for benefits, the Commissioner will make an initial determination to either grant or deny the claim. *Id.*; 20 C.F.R. §§ 404.900(a)(1), 404.902. Second, if dissatisfied with the initial determination, the claimant may request reconsideration within sixty days. *Marshall,* 1998 WL 638367, at *1; 20 C.F.R. § 404.909(a)(1). The Commissioner will then review the claim again and issue a "reconsidered determination." *Marshall,* 1998 WL 638367, at *1; 20 C.F.R. § 404.920. Third, if still dissatisfied, the claimant may, within sixty days of the reconsidered determination, request a hearing before an Administrative Law Judge ("ALJ"). *Marshall,* 1998 WL 638367, at *1; 20 C.F.R. § 404.933(b)(1). The ALJ then issues a written decision giving the findings of fact and the reasons for the decision. *Marshall,* 1998 WL 638367, at *1; 20 C.F.R. § 404.953(a). Fourth, if still dissatisfied, the claimant may seek review of the written decision by filing a request with the Appeals Council within sixty days. *Marshall,* 1998 WL 638367, at *1; 20 C.F.R. § 404.968(a)(1).

The Appeals Council may either review the decision or deny the request for review. *Marshall,* 1998 WL 638367, at *1; 20 C.F.R. § 404.967. If the Appeals Council grants review of a claim, then the decision that the Appeals Council issues is the final decision. *Sims v. Apfel,* 530 U.S.103, 106-7 (2000). However, if the "Appeals Council denies the request for review, the ALJ's opinion becomes the final decision." *Id.* at 107. "If a claimant fails to request review from the Council there is no final decision and, as a result, no judicial review in most cases. In an administrative-law parlance, such a claimant may not obtain judicial review because he has failed to exhaust administrative remedies." *Id.* (internal citations omitted).

Here, Plaintiff has not even taken the first step of filing a claim with the SSA for underpayment of SSI benefits. (R. Doc. 20 at 1) ("Mr. Richard has not pursued any claim administratively culminating in a final decision subject to judicial review."). The record shows that "there is no pending administrative claim or resulting final decision" pertaining to Plaintiff, and he has not engaged in any administrative claim with the SSA since "the final decision that was affirmed by the U.S. District Court for the Middle District of Louisiana on August 16, 2017." (R. Doc. 20-1 at 3).

Accordingly, the Court finds that Plaintiff has failed to exhaust his administrative remedies, and the Court, therefore, lacks subject matter jurisdiction over Plaintiff's claim.

**B.     Plaintiff's allegation of "charges of overpayment"**

As noted earlier, the Court construes Plaintiff's claim for "charges of overpayment" as an attempt to challenge or revisit the Court's decision in *Richard*. In that matter, Plaintiff filed a Complaint in the U.S. District Court for the Middle District of Louisiana on April 20, 2015 under 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner. *Richard*, ECF Nos. 1, 56. In particular, Plaintiff's appeal challenged the Commissioner's April 10, 2015 partially favorable decision holding that recovery by the SSA of overpayments made to Plaintiff

from January 2002 to December 2004 was waived but that recovery by the SSA of overpayments made to Plaintiff from January 2005 to May 2010 was not waived. *Id.*, ECF No. 56. After briefing, the magistrate judge recommended that the Commissioner's decision be affirmed. *Id.* The district judge adopted the magistrate judge's ruling, issued a judgment in favor the defendants, and dismissed the action on August 16, 2017. *Id.,* ECF Nos. 58,59. Because the court's judgment terminated the litigation on the merits, it constitutes a final, appealable decision. *Louisiana Cement, Inc. v. Van Aalst Bulk Handling, B.V.,* 383 F.3d 297, 300 (5th Cir. 2004). As such, Plaintiff may only obtain judicial review or modification of the ruling in *Richard* by filing an appeal with the court of appeals.

A review of the record in *Richard* indicates that no timely notice of appeal was filed. Accordingly, the judgment in *Richard* is final and no longer appealable. The Court, therefore, finds that it lacks jurisdiction over Plaintiff's "charges of overpayment."

### III. CONCLUSION

Based on the forgoing,

**IT IS RECOMMENDED** Defendant's Motion to Dismiss (R. Doc. 21) be **GRANTED** and that this action be **DISMISSED.**

**IT IS FURTHER RECOMMENDED** that Plaintiff's pending Motions (R. Docs. 23 and 25) be **DENIED AS MOOT.**

Signed in Baton Rouge, Louisiana, on October 13, 2021.

                                                **RICHARD L. BOURGEOIS, JR.**
                                                **UNITED STATES MAGISTRATE JUDGE**