UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CONRAD RICHARD                                            CIVIL ACTION

VERSUS

ANDREW SAUL, ET AL.                               NO. 20-00804-BAJ-RLB

## RULING AND ORDER

Before the Court is the Magistrate Judge's **Report and Recommendation (Doc. 28)**. Plaintiff filed suit, *pro se*, on November 24, 2020, seeking review of a decision by the Commissioner of the Social Security Administration. (Doc. 1). Defendant filed a Motion to Dismiss Plaintiff's Complaint pursuant to Rule 12(b)(1). (Doc. 21). Following, Plaintiff filed an unnamed Motion (Doc. 23) and a Motion for Summary Judgment. (Doc. 25).

The Magistrate Judge's Report and Recommendation urges that Defendant's Motion to Dismiss be granted and that Plaintiff's pending Motions be denied as moot. Plaintiff timely objected to the Report and Recommendation (Doc. 29). Subsequently, Plaintiff filed a letter (Doc. 30), a Memoranda in Opposition to Defendant's Motion to Dismiss (Doc. 31), and Exhibits (Doc. 32) in support of the action. Plaintiff also filed a Motion for Reconsideration (Doc. 33), which the Magistrate Judge denied. (Doc. 34).

Having carefully considered the underlying Complaint, the Report and Recommendation at issue, and related filings, the Court agrees with the findings and determinations of the Magistrate Judge. Plaintiff asserts a claim for damages in the

amount of $250,000 from the Social Security Administration for "underpayment and charges of overpayment." (Doc. 1 at 1). The Court, however, finds that, for Plaintiff's claim of underpayment of benefits, Plaintiff has failed to exhaust his administrative remedies and that the Court lacks subject matter jurisdiction of the claim. In addition, the Court construes Plaintiff's claim for "charges of overpayment" as an attempt to revisit the Court's decision in *Richard v. Comm'r of SSA*, No. 3:15-cv-00244-SDD-EWD (M.D. La. Aug. 16, 2017). After reviewing the record in *Richard*, the Court finds that no timely notice of appeal was filed and that, therefore, the judgment in *Richard* is final and no longer appealable. Thus, the Court finds that it lacks jurisdiction over Plaintiff's claim of "charges of overpayment."

Rule 12(b)(1) of the Federal Rules of Civil Procedure permits "a party to challenge the subject matter jurisdiction of the district court to hear a case." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). "Lack of subject matter jurisdiction can be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Id.* The party asserting jurisdiction bears the burden of proof that jurisdiction does in fact exist. *Id.*

Plaintiff's additional filings following the Report and Recommendation (Docs. 29–33) do not overcome Plaintiff's burden to establish that this Court has subject matter jurisdiction over this claim. Within Plaintiff's additional filings, Plaintiff

denies Defendant's contention and the Magistrate Judge's finding that he has not taken affirmative steps to appeal the review through the Social Security Administration. (Doc. 31 at 2). Plaintiff provided copies of documents provided by various organizations and individuals, including the Social Security Administration—correspondence, court documents from the instant case, and informational documents, among others. (Docs. 31–32). Plaintiff, however, has not sufficiently alleged that a valid, pending claim exists before the Social Security Administration or that the Plaintiff has exhausted his administrative remedies.

Within Plaintiff's additional filings, Plaintiff provides several filled-in "Request for Reconsideration" forms provided to him by the Social Security Administration. (Docs. 31-1 at 21–26; 32 at 30). The forms, however, are dated *after* the filing of the Magistrate Judge's Report and Recommendation. In addition, the allegations contained in the forms appear to seek relief from the Social Security Administration based on the Plaintiff's instant proceedings in Federal Court, *not* an underlying decision of the Social Security Administration. Further, the provided forms are only completed by Plaintiff. There is no evidence or indication that the forms were appropriately filed with the Social Security Administration. The sections "To Be Completed By Social Security Administration" remain blank.

Taking into account the additional filings of Plaintiff, the Court finds that Plaintiff has not met his burden of proving his exhaustion of administrative remedies,

the Court's subject matter jurisdiction over Plaintiff's claim of underpayment, or the Court's jurisdiction over the claim of overpayment.

Having carefully considered the underlying Complaint, the Report and Recommendation at issue, and related filings, the Court **APPROVES** the Magistrate Judge's Report and Recommendation, and **ADOPTS** it as the Court's opinion herein.

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Dismiss (Doc. 21) be and is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that this matter be **DISMISSED WITHOUT PREJUDICE**, each party to bear its own costs.

**IT IS FURTHER ORDERED** that Plaintiff's pending Motions (Docs. 23 and 25) be and are hereby **DENIED AS MOOT**.

Baton Rouge, Louisiana, this 11th day of October, 2022

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**